## EX PARTE BERMÚDEZ.

### APPLICATION for a Writ of Habeas Corpus.

No. 43.—Decided January 27, 1905.

APPEAL—MUNICIPAL COURTS—JUSTICES OF THE PEACE.—In cases where municipal courts or justices of the peace have original jurisdiction in appeals to a district court the trial will be had *de novo* on the original complaint.

MALICIOUS MISCHIEF—PETIT LARCENY—CONVICTION OF A CRIME OTHER THAN THE ONE CHARGED IN THE INFORMATION—VOID JUDGMENT.—Where a complaint has been made charging *malicious mischief* the accused cannot be convicted of the crime of *petit larceny*, and a court so convicting a defendant exceeds its jurisdiction and the judgment rendered thereunder is void.

JUDGMENT IMPOSING FINE—SUBSIDIARY IMPRISONMENT—WARRANT OF ARREST.— A judgment imposing a fine upon a defendant, as well as the order for the execution thereof, must specify the term of imprisonment which the accused must serve in default of the payment of such fine; and such imprisonment must not exceed the time for which the accused might have been imprisoned for the crime of which he was convicted.

ID.—VOID COMMITMENT.—The commitment without the requirements specified in the foregoing paragraph is substantially defective, and consequently null and void.

ID.—HABEAS CORPUS.—Where the court in rendering judgment exceeds its jurisdiction, such judgment being null and void, the commitment issued thereunder is also null and void, and the defendant is entitled to be discharged upon application for the writ of *habeas corpus*.

The application was filed with Justice MacLeary in chambers.

The facts are stated in the opinion.

*Mr. Coll,* for petitioner.

*Mr. Rossy, Fiscal,* for The People.

Mr. Justice MacLeary delivered the following opinion:

The petitioner in this case, José Bermúdez, was accused in the Municipal Court of San Juan, of malicious mischief, under section 532 of the Penal Code. He was tried and convicted on this charge and sentenced to four months imprisonment and $100 fine. From this judgment he took an appeal to the District Court of San Juan, where he was tried on the 24th of the present month, and convicted of petit larceny and sentenced to three months imprisonment in jail, and a fine of $100 and costs; and it was ordered that the convict be taken from the court to the common jail of the district and be confined therein for the term of three months and that the fine should be collected as the law requires.

Section 3 of the Code of Criminal Procedure provides that in all cases "that are triable before a justice of the peace (or as in this case, before a municipal judge) when appealed to the district court shall be tried on the original complaint and warrant. In such cases the trial shall be *de novo.*"

The original complaint in this case clearly charged malicious mischief under article 532 of the Penal Code. What purports to be a warrant issued by the clerk of the municipal court also charges the said Bermúdez with *daños maliciosos,* (malicious mischief). On this complaint and warrant the applicant should have been tried in the district court *de novo,* and presumably was so tried; but he was convicted of a different offense entirely, which is petit larceny, defined and punished under sections 429 and 431 of the Penal Code.

In rendering this judgment the district court exceeded its jurisdiction, and the judgment is consequently void. The warrant of imprisonment is also defective in that it does not

"specify the extent of imprisonment, which must not exceed one day for every dollar of the fine, nor extend in any case beyond the term for which the defendant might be sentenced to imprisonment for the offense of which he has been convicted."

The judgment and the warrant should have said how many days the defendant should have been imprisoned in default of the payment of the fine. Under section 327 a copy of the judgment furnished to the officer whose duty it is to execute the judgment was all the warrant that was necessary to justify or require its execution, but this does not render it unnecessary to comply with the law in fixing definitely the term of imprisonment.

Then as it clearly appears that the jurisdiction of the district court in rendering the judgment on which the applicant was imprisoned has been exceeded, and that the process or warrant is defective in a matter of substance, rendering the process void; under paragraphs 1 and 3 of section 483 of the Code of Criminal Procedure, the prisoner must be discharged from custody, and it is accordingly so ordered.

*Application granted.*